GRELLE v. GRELLE et al. (No. 5951.)

(Court of Civil Appeals of Texas. Austin. Oct. 16, 1918.)

1. WITNESSES ⬥131—COMPETENCY—STATEMENT BY TESTATOR—WILL CONTEST.
Rev. St. 1911, art. 3690, as to competency of parties in action by or against executor to testify to statement by testator, does not apply to contestant in a will contest.

2. APPEAL AND ERROR ⬥1003—REVERSAL—VERDICT AGAINST EVIDENCE.
Verdict being contrary to the overwhelming testimony, judgment thereon will be reversed.

Appeal from District Court, Mills County; F. M. Spann, Judge.

Will contest by Erich Grelle and others against Mrs. Anna Grelle and others. From a judgment for contestants, on appeal from the county court, the named defendant appeals. Reversed and remanded.

E. B. Anderson, of Goldthwaite, and Martin & McDonald, of Austin, for appellant. J. C. Darroch, of Goldthwaite, for appellees.

JENKINS, J. William Grelle, deceased, made a will, in which he devised all of his property to his wife, Anna Grelle, appellant herein, with a proviso that, if any of it remained in her possession at the time of her death, the same should be divided equally between his children by Anna Grelle, his second wife. This will was admitted to probate in the county court of Mills county. The contestants, appellees herein, who were children of William Grelle by his first wife, appealed said cause to the district court of Mills county. In that court upon a verdict of the jury in favor of appellees, finding that the will was executed by reason of the undue influence of appellant, judgment was rendered refusing to allow said will to be probated. This case is now here for our decision upon appeal by said Mrs. Anna Grelle.

[1] No question of law is involved in this case, except as to the admissibility of the testimony of certain of appellees as to conversations by them with their father, which testimony tends to show undue influence over their father by appellant. The contention of appellant is that this testimony was not admissible, by virtue of Revised Statutes, art. 3690. We overrule this assignment, on the authority of Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 446, and authorities there cited.

[2] In our opinion, the verdict of the jury is contrary to the overwhelming testimony, for which reason we are unwilling that the judgment based on said verdict should be allowed to stand. As this case is to be sent back for another trial, we do not think it proper to comment on the testimony, especially as we cannot anticipate what the evidence may be upon another trial.

For the reason that the verdict of the jury is not sustained by, but is contrary to the overwhelming weight of, the testimony, this cause is reversed and remanded for a new trial.

Reversed and remanded.