BYRNES et al. v. CURTIN et al. (No. 362.)*

(Court of Civil Appeals of Texas. Beaumont. Jan. 3, 1919. Rehearing Denied Jan. 15, 1919.)

1. WILLS ⬦386 — REVIEW — QUESTIONS OF FACT.

In a proceeding for the probate of a will, where evidence, if competent, is ample to sustain a special finding by the jury that testator was of sound mind at the time he signed the will, the verdict will not be disturbed on appeal.

2. WITNESSES ⬦140(6) — COMPETENCY OF DEVISEE—TRANSACTIONS WITH DECEDENT.

In view of Rev. St. 1911, art. 3688, declaring that no person shall be incompetent to testify on account of interest, held that under article 3690 as to testimony relating to transaction with a decedent, a devisee under a will, probate of which was contested for want of capacity by the heirs, may testify as to conversations and transactions with the testator.

3. WITNESSES ⬦130—COMPETENCY.

Where an executor renounced his position as such, held, in view of Rev. St. 1911, art. 3688, that he was competent, despite article 3690, to testify as to conversations showing the testator's capacity, etc., for no judgment could be rendered against him in his representative capacity.

4. WILLS ⬦384 — PROBATE — REVIEW — HARMLESS ERROR.

Where the testator's capacity was denied, sustaining of objections to a question to a witness as to her opinion of the capacity of the testator was harmless, where the record showed the witness stated in the presence of the jury that in her opinion the testator did not have capacity.

5. WILLS ⬦384—PROCEEDING FOR PROBATE —INSTRUCTION.

Where contestants denied testator's capacity and the court submitted the question whether the testator was of sufficiently sound mind to understand his acts, refusal of charges as to mentality which a person must have to execute a will held not error; for it must be presumed that the jury knew what mentality was necessary for them to answer the question.

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Application by H. M. Curtin for the probate of the will of T. E. Byrnes, opposed by Dennis Byrnes and another. After appeal to the district court from a judgment refusing probate, the proponent H. M. Curtin filed an amended original petition, in which he renounced the appointment of executor and prayed that Mrs. Bertha A. Forest be allowed to make herself a party plaintiff and prosecute the case alone. On the petition filed by Mrs. Forest the will was admitted to probate, and contestants appeal. Affirmed.

I. F. Goldenhorn, of Jersey City, N. J., and Cooper & Merrill and Cole & Cole, all of Houston, for appellants.

A. R. & W. P. Hamblen and Baker, Botts, Parker & Garwood, all of Houston, for appellees.

GREER, J. This case began in the probate court of Harris county, by an application filed February 21, 1916, by H. M. Curtin, alleging, in substance, that T. E. Byrnes was a resident citizen of Harris county, Tex., and died in Houston on the 19th day of February, 1916, leaving a written will, which was offered with the application for probate; second, that he left an estate of the probable value of $50,000, situated in Harris county, Tex., and that the will appointed the applicant as executor, independent of the probate court, without bond, and that the applicant was not disqualified from accepting said trust; prays for citation and for the will to be admitted to probate, and that he be appointed independent executor of said will, without bond, and for general and special relief.

On June 1, 1916, Mrs. Eliza Barron, a feme sole, joined by her brother, Dennis Byrnes, filed a formal contest to the probation of said will, and alleged, in substance, that the deceased, T. E. Byrnes, at the time of the making of said will, was not of sound mind and disposing memory; second, that at the time of the making of said will the said Byrnes was without sufficient control of his mental faculties to have testamentary capacity, and was wholly incapable of making and executing a will with the solemnities and formalities required by law; third, that the said Byrnes, on the 19th day of December, 1915, the date of said will, was in dire extremities, and suffering from a physical illness of such a character as to render him incapable of making and executing a formal will, and at said time he was infirm and aged, and was then suffering from a disease of a character that rendered it extremely doubtful whether life would last more than a few minutes at any time, and on account of such physical conditions, brought about by such disease, he was wholly incapable of knowing and understanding the extent of his property, the persons entitled to his bounty, or to even consider the same, and was wholly incapable of understanding the contents of any instrument or the probable effect of any of the conditions of any instrument, and if he executed such purported will, then such act was wholly without knowledge on the part of said T. E. Byrnes of its contents, or the legal purposes contemplated thereby; and, fourth, that the contestants are brother and sister, respectively, of the said T. E. Byrnes, and that the said T. E. Byrnes departed this life without any heirs at law other than brothers and sisters.

On this pleading the case was tried in the probate court of Harris county, and resulted in a judgment refusing to probate the will. An appeal was duly perfected to the district

court of Harris county, where, after a lengthy trial before the jury, it resulted in a judgment in favor of the application probating the will. The will is dated on the 19th day of December, 1915, and has two subscribing witnesses, Chas. E. Bruhl and Nick D'Amico. The will, in substance, in the second paragraph, says:

"I give, demise and bequeath to my sister, Mrs. Bertha A. Forest, all property, real, personal, and mixed, of every kind, character and description of which I may die seized or possessed"

—and the third paragraph of the will, without quoting it in full, in the case of the death of Mrs. Bertha A. Forest, devises the property to her children and her grandchildren; and the fourth paragraph, without quoting it in full, provides that in case of the death of either of the grandchildren and of Mrs. Forest before the death of the devisor, then the survivors of the children and of such grandchildren shall take share and share alike. The fifth paragraph appoints H. M. Curtin, of Houston, Tex., "as executor of this my last will and testament, without bond, and I desire no other or further proceedings be taken or·had in any probate court, other than the proving of this will, and the filing of an inventory of my said property."

After the case was appealed to the district court of Harris county, the contestants filed, on the 1st day of February, 1917, their first amended objections and opposition to the probation of the will. This pleading does not differ materially from the original protest or contest, except that in paragraph No. 5 it alleges, substantially, that H. M. Curtin was the confidential adviser of Thomas E. Byrnes, and, standing in such attitude, he managed and controlled all of his property, and had great influence over him, and largely dominated and influenced him·in his actions, and had done so for many years, and did do so in the preparation and execution of the will.

In the trial in the district court, H. M. Curtin, on February 5, 1917, filed what is denominated a first amended original petition, the sum and substance of which is that he renounces the appointment of executor in the will, denying the allegations of his having influenced the deceased in signing the will, and prays that evidence be heard on this issue, and that Mrs. Bertha A. Forest be allowed to make herself a party plaintiff in the cause and prosecute the case alone.

On February 6, 1917, Mrs. Bertha A. Forest filed her petition, praying to be made a party to the suit, alleging substantially all that had been alleged about the death and the execution of the will, alleging that she was the sole devisee in the will, and praying that it be probated as the last will and testament of the deceased, Thomas E. Byrnes. She denies all the allegations made in the amended petition filed by the contestants. On

these pleadings, the case went to trial in the district court.

On the trial in the district court there was no evidence offered, nor was any charge asked or given with reference to any undue influence exercised by Curtin over the deceased. That issue was therefore not submitted to the jury. The case was submitted to the jury on special issues. The court's charge was, in substance, that the jury were the exclusive judges of the weight of the evidence, and the credibility of the witnesses, and that the burden of proof was upon the proponent, Mrs. Bertha A. Forest, to show by a preponderance of the evidence the affirmative of the special issues submitted. Special issue No. 1 was:

"Did or did not Thomas E. Byrnes, at the time the purported will was executed, have mind and memory sufficiently sound to enable him to know and understand what he was doing and the effect of his act? Answer 'He did,' or 'He did not,' as you find the fact to be.

"And if you have answered the foregoing special issue No. 1 in the affirmative, and only in such event, then you will answer—

"Special issue No. 2: Did or did not Thomas E. Byrnes, at the time he signed the purported will, know the contents and effect thereof? Answer 'He did,' or 'He did not,' according as you find the fact to be."

The jury, on April 10, 1917, brought in the following verdict:

"We, the jury, find to special issue No. 1, 'He did;' to special issue No. 2, 'He did.' "

On motion duly made, the judgment of the court was rendered probating the will.

### Findings of Fact.

We find the undisputed facts in this case to be: First, H. M. Curtin, on the night of the 19th of December, 1915, was requested by Mr. Byrnes, the deceased, to read him the will, which he, Curtin, had prepared; second, that during the reading of the will Mr. Byrnes asked several questions about the will; third, Mr. Byrnes then signed the will with his own hand, and requested the two subscribing witnesses to sign the same as witnesses; fourth, that Mr. Byrnes lived just two months from that date until his death, namely, the 19th day of February, 1916.

[1] If the evidence of H. M. Curtin was legally admitted, then the undisputed facts would further be that he, Curtin, was for many years the confidential agent of Mr. Byrnes, and that several weeks before the 19th day of December, 1915, he was requested by Mr. Byrnes to write his will, he giving him all the necessary data to prepare the will; that the will had been prepared for several days before the 19th of December, and it was written in strict accordance with Mr. Byrnes' dictation.

We find the further facts undisputed that after the 19th of December, 1915, Mr. Byrnes requested Mr. Curtin to destroy a former will

which he had made, and also some deeds, and that he regained his health to such an extent that he was no longer in danger of immediate death; that his physical condition was practically as good, up to a few days before his death, as it had been just prior to the 19th of December.

So far as the balance of the evidence is concerned, it is conflicting, and, as is stated by counsel for the appellant, the jury would have been warranted in finding either way. There were many witnesses who testified as to Mr. Byrnes' condition on the night of the 19th of December, 1915, each witness expressing his opinion as to the mental capacity of Mr. Byrnes, but it will be noted that none of these witnesses, except Nick D'Amico, himself, Mr. Curtin, and Dr. Bruhl, were present and gave testimony as to the mental condition of Mr. Byrnes at the time the will was read to him, and at the time he signed same, and one of these was the attending doctor, and the only one entitled to an expert opinion. The evidence of all of the other witnesses as to his mental or physical condition had reference to a time prior to the signing of the will. The evidence is ample to sustain the verdict, and we, therefore, do not feel justified in disturbing the same, unless we would be compelled to do so under the objection of the appellant's counsel to the testimony of Mrs. Forest, taken by deposition, and unless the court erred in sustaining objection to the testimony of Minnie D'Amico as to her opinion of the mentality of Mr. Byrnes on that night; or in permitting Curtin to testify, over objection, he being temporary administrator. There are 25 assignments to the admission of the testimony of Mrs. Forest, all of which we will consider together, because they all reach the same conclusion.

[2] Article 3690 of the Revised Statutes is relied on as prohibiting the testimony of Mrs. Forest and Mr. Curtin. If this were a suit between the heirs as such, or against the administrator as such, then clearly the testimony would not be admissible; that is to say, if the heirs were litigating over, not the probation of the will, but the contents of the will, as to what it meant, the testimony would not be admissible. As we view it, this statute is, in effect, an amendment to or limitation upon article 3688, and should be strictly construed. Article 3688 provides that no person shall be incompetent to testify on account of color, nor because he is a party to a suit or proceeding, or interested in the issue tried. In other words, any party to a suit, no matter what his interest is, is a competent witness to any matter pertinent to the issue, unless clearly prohibited by the language of article 3690. The Legislature, for some reason, did not see fit to put into this article the word "devisees." This, therefore, being an action by the devisee to probate a will, or, if you please, an action by the heirs against the devisee to prevent the probation of a will, does not come within the inhibited terms of the statute. An heir is a party who inherits. A devisee is a party who receives a gift. The title of an heir is cast on him by law. The title of a devisee is given to him by the act of the party devising the property. It, therefore, cannot be claimed that the Legislature intended to include devisees in its prohibition, and, not having done so, we do not feel that this court is warranted in writing into the statute something that the Legislature did not see fit to put in it. Believing, therefore, that article 3690 does not apply to a devisee in a will, we do not believe that the court erred in permitting the testimony of Mrs. Forest to the conversations and transactions that she had with her deceased brother, the devisor in the will. All of these assignments are therefore overruled.

[3] The next question is raised by a proper assignment of error, to the effect that H. M. Curtin's testimony ought not to have been admitted in evidence, because of this statute, he being temporary administrator of the estate. Mr. Curtin, it is true, was a party, technically speaking, to the action, but when he renounced the executorship, and Mrs. Forest was substituted as plaintiff, he was no longer either a necessary or proper party to the suit. But aside from this, the statute prohibits an administrator from testifying where the judgment to be rendered is for or against him as such administrator. In this case, the only judgment to be rendered was that the will should or should not be probated. It was in no sense a judgment against an administrator. If the contest in this case had been over a debt due by the estate, which the administrator disallowed, then the judgment to be rendered would be against him as such administrator, or in his favor as such administrator, in which event the statute would have prohibited him from testifying. We, therefore, do not think that the testimony of H. M. Curtin was illegal, and the court did not err in allowing him to testify. These assignments are overruled.

[4] The remaining question to be considered is whether or not the court erred in refusing to allow Minnie D'Amico and the other witnesses from giving their opinions as to the mental condition of Mr. Byrnes on the night of the 19th of December, 1915, the night on which he signed the will. We understand this objection was sustained, but it seems to us that the error, if any, is cured, because in the statement of facts there occurs in each instance, in substance, the following: Minnie D'Amico says:

"In my opinion Mr. Byrnes didn't have any mind that night. He had no mind at all that night," and so on.

Even if the court did sustain the objection, nevertheless the question was answered, and the jury had the benefit of it, and the jury having decided that the devisor was of sound

mind at the time he signed the will, we cannot disturb the verdict.

[5] We do not think that the court erred in refusing the special charges asked by the plaintiff, because the law does not require the trial judge to define the state of mentality necessary for a party to be possessed of at the time of the execution of the will. The jury was the judge of whether or not he had sound mind at that time, and the court asked them the direct question. Giving to the jury the credit of ordinary intelligence, we must presume that they knew what mentality was necessary for them to answer the question. There being no error in the charge, and none in the admission of evidence, or in the exclusion of the evidence, and the jury having found that the devisor was of sound mind at the time he signed the will, the judgment is affirmed.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes