CECELIA LEAHY ET AL. V. WALTER F. TIMON ET AL.

No. 3273.   Decided October 23, 1919.

(215 S. W., 951.)

### 1.—Evidence—Wills—Probate—Transaction with Testator.

Article 3690 (2248) Rev. Stats., applies to an action by heirs of a decedent against the executor and devisees to set aside the probate of a will on the ground of undue influence by a devisee and lack of capacity by the testatrix. Plaintiffs therein were properly denied the right to testify to statements by the testatrix to them tending to show such undue influence and incapacity. (Pp. 78, 79.)

### 2.—Same.

The prohibition against a party testifying (Rev. Stats., art. 3690) is not confined to any particular character of action by or against heirs or legal representatives of a decedent, nor limited to such as would establish a claim against, or reduce or impair the estate. (P. 78.)

### 3.—Same.

Though the making of a will be regarded as a transaction only between the testatrix and the witnesses, which is questioned, it is still a transaction with decedent within the meaning of art. 3690, Rev. Stats., and the action to set aside the probate of such will is one arising out of such transaction, which need not have been one with the parties offering to testify. (P. 78.)

### 4.—Same.

The reason for the exclusion of evidence by one party as to statements to him by decedent is that the latter's mouth is closed by death against disproof or explanation of the transaction, known only to him and the party offering to testify to it, and this applies to a party seeking to set aside the probate of a will by proof of statements of the testatrix showing such influence or incapacity. (P. 79.)

**5.—Cases Reviewed.**

Parks v. Caudle, 58 Texas, 221; Brown v. Mitchell, 75 Texas, 12; Gamble v. Butcher, 87 Texas, 646; Sanders v. Kirbie, 94 Texas, 564; Ross v. Kell, 159 S. W., 119; and Leahy v. Timon, 181 S. W., 520; reviewed and approved. Martin v. McAdams, 87 Texas, 227, distinguished. Simon v. Middleton, 51 Texas Civ. App., 543; Grelle v. Grelle, 206 S. W., 114; and Byrnes v. Curtin, 208 S. W., 407, overruled. (Pp. 80-82.)

**6.—Evidence—Exclusion of Parties—Husband as Plaintiff.**

A husband joined as plaintiff with his wife, an heir suing to set aside the probate of a will, is, equally with her, excluded as a party by art. 3690, Rev. Stats., from testifying as to any transaction with decedent. (P. 82.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Nueces County.

Mrs. Leahy and others brought suit against Timon and others to set aside the probate of a will in the County Court. Defendants prevailed there, and on appeal in the District Court, and the judgment was affirmed by the Court of Civil Appeals (181 S. W., 520) whereupon appellants obtained writ of error.

*D. McNeill Turner, John C. Scott,* and *Beasley & Beasley,* for plaintiffs in error.—In a suit by heirs against devisees to contest the validity of a will, where plaintiffs had nothing to do with the making of the will and did not know of it until after its execution, a plaintiff is not incompetent to testify as to transactions with or statements by testator, but comes within the general rule of art. 3688 Rev. Stats., and not within the exception thereto made by art. 3690. Stiles v. Hawkins, 207 S. W., 89; Grelle v. Grelle, 206 S. W., 114; Byrnes v. Curtin, 208 S. W., 405; Act. May 19, 1871, Laws Texas, Vol. 6, page 1010; Rev. Stats., 1895, arts. 2300, 2302; Lewis v. Aylott, 45 Texas, 190; Brown v. Mitchell, 75 Texas, 9; Sanders v. Kirbie, 94 Texas, 564; Ross v. Kell, 159 S. W., 120; Clark v. Briley, 193 S. W., 422; Martin v. McAdams, 87 Texas, 225; Simon v. Middleton, 112 S. W., 441; In re Miller Estate, 88 Pac., 338; Taylor v. McClintock, 112 S. W., 405; In re Veasey, 85 Atl., 176, 31 A. & E. Ann. Cas., 980, and cases cited under notes p. 982.

*C. R. Wharton,* also for plaintiff in error.—This testimony was admissible: (1) Because a proceeding to probate a will is not an action by or against the heirs or legal representatives of a decedent. (2) Even if it were granted for the sake of argument, that it is an action by or against the heirs or legal representatives of a decedent, yet, it is not an action arising out of any transaction with the decedent. Lewis v. Aylott, 45 Texas, 205; Martin v. McAdams, 87 Texas, 227; Gamble v. Butchee, 87 Texas, 645; Ingersol v. McWillie, 9 Texas, Civ. App., 546; Simon v. Middleton, 112 S.

W., 446;   Walton v. Walton, 191 S. W., 188;   Keck v. Woodward,
116 S. W., 76;   Barrett v. Eastham, 28 Texas Civ. App., 191;
Harris v. Seinsheimer, 67 Texas, 356.

*Dougherty & Dougherty, Kleberg, Staton & North, G. R. Scott,*
*Boone & Pope,* and *Claud Pollard,* for defendants in error.

This action within the letter of the statute. This case an
action:  Franks v. Chapman, 61 Texas, 576; Rev. Stat., arts. 569,
5700;   Chap. 2, Title 62, Rev. Stats., 1879.  This action arises out
of a transaction with decedent:  Franks v. Chapman, 61 Texas,
576;   Rev. Stats., art. 5699;   Rev. Stats., 1879, art. 3138.   Mere
execution of a witnessed will within definition of a transaction:
Webster's Dictionary;     Bouvier's Law Dictionary;     Holland   v.
Holland, 90 N. Y. Supp., 208, 211;   Van Wegenen v. Bonot, 18
L. R. A. (N. S.), 402;   Holcomb v. Holcomb, 95 N. Y., 324;   Wil-
ber v. Gillespie, 112 N. Y. Supp., 20, 25.  A witnessed will decided
to be a transaction:  In re Bernsee's Will, 6 N. E. 314;  Lewis v.
Aylott, 45 Texas, 190;   Martin v. Mc Adams, 87 Texas, 225.  Phrase-
ology of statute establishes will a transaction:  Parks v. Caudle, 58
Texas, 216;  Glover v. Thomas, 75 Texas, 506;  Anglin v. Barlow, 45
S. W., 827;    Gillespie v. Murray, 66 S. W., 252;    Sachse v. Loeb,
101 S. W., 451;   Tison v. Gass, 102 S. W., 751;   Wells v. Hobbs,
122 S. W., 452;   Cosgrove v. Smith, 183 S. W., 109;   In re Dur-
ham's Will, 24 N. E., 932;   Heinisch v. Pennington, 68 Atl., 233;
In re Pederson's Will, 106 N. W., 958;    Parks v. Caudle, 58
Texas, 216;  Heirs of Reddin v. Smith, 65 Texas, 26.   Especially
where undue influence of a party, alleged:  In re Eysman's Will,
3 L. R. A., 602;   Goerke v. Goerke, 50 N. W., 345;  Rev. Stats., art.
3690.

This  action  within  the  spirit  and  policy  of  the   statute:
Moores v. Willis, 69 Texas, 112;   Parks v. Caudle, 58 Texas, 221;
Rev. Stats., art. 3690.

This  action  within  the   intention  of   the  Legislature:
Act   May   19,   1871;     Rev.   Stats.,   1879, art.   2248;   Act
July 28, 1876;  Senate Journal, 1 Reg. Secs., 1879; Introduction to
Rev. Stats., 1879; Rev. Stats., 1879, p. 1;   Rev. Stats., 1879, art.
3138;   Nixon v. Armstrong, 38 Texas, 296;   Beasley v. Denson, 40
Texas, 416;   Roberts v. Yarboro, 41 Texas, 449;   Lewis v. Aylott,
45 Texas, 190;   Markham v. Carothers, 47 Texas, 21;   McCampbell
v. Henderson, 50 Texas, 602;   Parks v. Caudle, 58 Texas, 216;
Newton v. Newton, 77 Texas, 508;   Moffett v. Moffett, 67 Texas,
646-647.  This action within the statute under the uniform deci-
sions of this court:  Simpson v. Brotherton, 62 Texas, 170; Brown
v. Mitchell, 75 Texas, 15;   Martin v. McAdams, 87 Texas, 225;
Gamble  v. Butchee,  87  Texas,  643;    Ingersoll  v.  McWillie,
87 Texas, 647, cf 30 S. W., 968;  Sanders v. Kirbie, 94 Texas, 564;
Simon v. Middleton, 112 S. W., 441;  Ross v. Kell, 159 S. W., 119;

Kelle v. Ross, 175 S. W., 753; Grelle v. Grelle, 206 S. W., 114; Byrnes v. Curtin, 208 S. W., 405; Clark v. Briley, 193 S. W., 419; Perdue v. Perdue, 208 S. W., 353.

Effect of acquiescence by Legislature in Supreme Court's construction. Black on Interpretation of Statutes, 298; Scott v. State, 25 S. W., 338; 15 Encl. Dig. Tex. Rep., pp. 973-974; 36 Cyc., 1168; Black on Interpretation of Law, 616-618.

Testimony of plaintiff Phillip Leahy. Sanders v. Kirbie, 94 Texas, 564; Schultz v. McLeary, 73 Texas, 92; Hugo v. Seffel. 92 Texas, 414; 40 Cyc., 2282; Parks v. Caudle, 58 Texas, 216; Heirs of Reddin v. Smith, 65 Texas, 26; Tannehill v. Tannehill, 171 S. W., 1050; First Nat'l Bank v. McWhorter, 179 S. W., 1149.

Testimony mentioned in fifteenth assignment. Abbott on Proof of Facts, 612; Graves v. Campbell, 74 Texas, 580; Rev. Stats., art. 3690; Scott v. Townsend, 166 S. W., 1138.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was a suit to contest the validity of the probated will of Mrs. Ellen Timon, deceased. It was brought by certain of Mrs. Ellen Timon's heirs, including Ella Ellis, a daughter of a deceased son of Mrs. Timon, and including Cecelia Leahy, a daughter of Mrs. Timon, joined by her husband, Phillip Leahy, against the devisees under the will, including Walter F. Timon, a son of Mrs. Ellen Timon and executor of the will. The will was attacked on the grounds: first, that its execution was induced by the exercise of undue influence on the testatrix by Walter F. Timon; and second, that the testatrix lacked sufficient mental capacity to make a will. Trials in the county and district courts resulted in verdicts and judgments sustaining the will, and the Court of Civil Appeals affirmed the judgment of the District Court.

The principal question here presented is whether, under a proper construction of article 3690 of the Revised Statutes, this suit is an action by the heirs of a decedent arising out of any transaction with such decedent, the Court of Civil Appeals having affirmed the correctness of the refusal of the trial court to permit heirs of Mrs. Ellen Timon, viz: the plaintiffs Cecelia Leahy and Ella Ellis, to testify at the instance of the plaintiffs to various statements by Mrs. Timon to them, tending to establish that Mrs. Timon's action in making the will was the result of Walter F. Timon's undue influence or that Mrs. Timon was afflicted with mental incapacity.

The contentions of plaintiffs in error are that while this is an action by the heirs of a decedent, in which the testimony excluded was that of heirs, who were offering to testify against opposite parties, without being called to testify by them, as to statements of the decedent, yet it is not such an action as comes within the operation of the statute, first, because only such actions as would establish a claim against the decedent's estate or as would reduce

or impair the estate come within the true meaning of "actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent," and, second, because unless an action arises out of a transaction between the decedent and a witness offering to testify, it does not arise out of a transaction with the decedent within the true meaning of the statute.

Under the common law rule no interested witness was competent to testify, and this Court announced in Osborn's admrx. v. Cummings, 4 Texas, 12, that the true test for ascertaining the interest of a witness was, as laid down by Greenleaf, "that he will either gain or lose by the direct legal operation or effect of the judgment, or that the record will be legal evidence, for or against him, in some other action."

To change the common law rule in Texas, the Legislature passed the act, approved May 19, 1871, which provides: "Section 1. That in the courts of this State there shall be no exclusion of any witness on account of color, nor, in civil actions, because he is a party to or interested in the issue tried. Sec. 2: In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to transactions with or statements by the testator, intestate or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court." Gammel's Laws, Volume 6, page 1010.

The second section of the above act was construed by the Supreme Court to exclude the testimony of devisees in a suit brought by them to establish and probate a nuncupative will, wherein heirs of the decedent appeared and defended the suit. The Court was of the opinion that the act was intended to safeguard the rights of all parties beneficially interested in the estate, and that hence it applied to a suit against heirs by devisees. Lewis v. Aylott's Heirs, 45 Texas, 202.

The second section of the act was also held to apply to an action to subject property, which had descended to heirs, to a demand against their ancestor, on the ground that the heirs "stand in his place and are to be regarded as his representatives." McCampbell v. Henderson, 50 Texas, 613.

The Court refused to hold that testimony should be excluded, by virtue of section two, in an action against a surviving partner or in an action where the party defendant, who offered to testify, had disclaimed, because section two, being a proviso to section one, should be strictly construed. Roberts v. Yarboro, 41 Texas, 451; Markham v. Carothers, 47 Texas, 25.

By the Revised Statutes of 1879, section two was amended so as to read as follows:

"Art. 2248. In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against

them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent.''

The above article is carried forward as article 3690 in the Revised Statutes of 1911.

Two changes were made in section two,· of the original act, viz: first, the provisions was eliminated for admission of testimony of a prescribed party, to transactions with or statements, by the testator, intestate or ward, upon his being ''required to testify thereto by the court;'' and, second, the provisions of the statute were expressly extended to include ''all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent.''

In our opinion the language of article 3690 does not admit of the restricted application for which plaintiffs in error contend.

There is nothing in the language to confine the operation of the statute to any particular character of action, by or against heirs or legal representatives of a decedent, arising out of any transaction with such decedent. On the contrary the statute expressly declares that its provisions are to extend to *all* actions, by or against the parties named, arising out of *any* transaction with the decedent. This action is confessedly by heirs of a decedent, and it seems to us that it plainly arose out of a transaction with the decedent. For, under the view most favorable to plaintiffs in error, which is, that their action arose from the making of the will, and that the making of the will involved a transaction between only Mrs. Timon and the two disinterested, attesting witnesses, it cannot be denied that plaintiffs in error's action arose from a transaction with the decedent. However, it may well be doubted whether so much of plaintiffs in error's action as seeks to set aside the will as procured by undue influence can be properly said to arise from a transaction to which only the decedent and the subscribing witnesses to the will were parties. At least that part of the action would seem founded, to a considerable extent, on a transaction of the party exercising the undue influence with the decedent, and such party was one of the defendants herein.

It is not the language of the statute that the provisions thereof shall extend to actions by or against the heirs or legal representatives of a decedent, arising out of any transaction of a party offering to testify with the decedent. All that is necessary to extend the provisions of article 3690 to an action is that it be one arising out of a transaction with the decedent, and ·be by or against the specified parties.

We think it equally plain that it was the *intent* and *purpose* of the statute to exclude the proffered testimony of heirs of Mrs. Timon in this action by them to contest the will.

The law, as originally enacted, shows the legislative determination that it would be unwise and unjust to receive, against those claiming under a decedent, the testimony of one directly interested, as a party, in a judgment, with respect to matters, as to which his testimony, though false, would ordinarily be incapable of contradiction or explanation, unless called to testify by the opposing party, or unless required to testify by the court. Judge Gaines, in stating the reason for the exception made in removing the bar of the common law, said: "The transactions and conversations between two persons are often known to them only; and it would seem that the object of the exception made by the article from which we have quoted, was to preclude the injustice of permitting one party to the record to testify in regard to matters about which, from the very nature of the case, it was not probable that his testimony could be rebutted. Death having sealed the lips of one of the persons who best knew and was most interested in the transaction, it would seem impolitic to remove the bar of the common law which excludes the testimony of the other. This appears to be the reason and spirit of the article cited." Moores v. Wills, 69 Texas, 112, 5 S. W., 676.

There can be no doubt that the purpose of the amendment of 1879 was to expressly extend and not restrict the operation of the statute. Not only is an extension of the application of the statute declared by the words added to the original enactment, but a further exclusion of testimony necessarily results from omitting the words which authorized the reception of inhibited testimony, at the instance of the presiding judge. Nothing could well be further from the purpose of the legislation than to receive testimony of a sole heir, who had been disinherited by a probated will, to transactions with, or statements by, his ancestor, in an action to recover the ancestor's entire estate, when the same testimony would be excluded in an action by the heir to establish the smallest claim for money against the estate.

The Supreme Court of New Hampshire said in the case of Welch v. Adams. 63 N. H., 349, 56, Am. Rep., 521, 1 Atl., 3: "The same injustice that the statute seeks to prevent in other actions in which the executor is a party, by excluding the surviving party from testifying, will often be done in the trial of an appeal upon the probate of a will, if the contestant can testify to matters about which the testator, if living, might testify, and perhaps contradict or explain the testimony of the contestant."

In our opinion, the previous decisions of this Court remove all doubt as to the proper construction of the statute.

The questions under consideration have no relation to the subject-matter of the proposed testimony of parties, being statements to

them by the testatrix. Hence, the statute obviously commanded its exclusion "in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such," unless called for by the opposite party. The opinion of Chief Justice Gould, in Parks v. Caudle, 58 Texas, 221, expressly declared the purpose of the clause added to the original act in 1879 in these words: "Before that clause was added to the statute. the decisions of this court had held its provisions applicable to suits by or against heirs, and it is believed that the purpose of the addition was to incorporate those decisions into the statutory law. Lewis v. Aylott, 45 Texas, 202; McCampbell v. Henderson, 50 Texas, 602." If the purpose of the act was to declare by statute, as had already been declared by judicial construction, that the language, which plainly commanded the exclusion of the offered testimony, applied to suits by heirs, we could not hold the testimony admissible without ignoring the law's purpose.

We would have no inclination to depart from a decision carefully construing the statute soon after its passage; but, the opinion of the Court in Parks v. Caudle is entitled to peculiar consideration, in that of the two associate justices then on the Court, one, Judge Stayton, had been of .counsel in the case of McCampbell v. Henderson, in which the act of 1871 was held to apply to suits against heirs, and the other, Judge West, was one of the Commission whose work was the basis of the Revised Statutes of 1879.

The Supreme Court reached similar conclusions to those we have announced, in Brown v. Mitchell, 75 Texas, 12–15, 12 S. W., 606, as will appear from the statement of the nature of the action, the issue tendered, and the testimony held inadmissible, in the opinion of Chief Justice Stayton, as follows:

"This is a proceeding instituted in the County Court for Tarrant County by John Mitchell and Lizzie Winters to set aside the probate of the will of Mrs. Lizzie Brown.

"Mitchell claimed to be the son of Mrs. Brown and Lizzie Winters claimed to be an adopted daughter. Mrs. Lizzie Brown was the wife of appellant at the time of her death, and there was evidence tending to show that John Mitchell was her son by a former marriage. . . . . . . . . . . . . .

"The real issue in this case was, whether Mrs. Brown had testamentary capacity at the time the will was executed, and on that question there was great conflict in the evidence. . . .

"Appellant proposed to testify in his own behalf to many declarations made to him by his wife before and after the will was made, which would have been admissible coming from a disinterested witness, but they were objected to on the ground that they were statements by the deceased which could not be proved by his evi-

"This is, in effect, an action by the heirs of the deceased arising out of a transaction with her, if they sustain to her the relation

claimed, and we are of opinion that appellant cannot be permitted to testify to any statement made by her having bearing on the validity of the will in controversy. Rev. Stats., Art. 2248." Brown v. Mitchell, 75 Texas, 12–15.

In Gamble v. Butchee, 87 Texas, 646, 30 S. W., 862, after setting out article 3690, then article 2248, besides two others, the Court said: "The provisions of the foregoing three articles apply to proceedings to probate wills. Martin v. McAdams, [87 Texas, 226], 27 S. W., 255."

In Sanders v. Kirbie, 94 Texas, 564, 565, 63 S. W., 626, the Court, per Judge Williams, stated that the conclusion that article 3690, then article 2302, applied to suits to set aside a probated will appeared to be warranted by decisions applying the article in such suits, and the Court cited Brown v. Mitchell, 75 Texas, 15, 12 S. W., 606, and Lewis v. Aylott's Heirs, 45 Texas, 202.

Plaintiffs in error cite in support of their contentions the case of Martin v .McAdams, 87 Texas, 226, 27 S. W., 255, and the subsequent cases of Simon v. Middleton, 51 Texas, Civ. App., 543, 112 S. W., 441, Grelle v. Grelle, (Tex. Civ. App.), 206 S. W., 114, and Byrnes v. Curtin (Tex. Civ. App.), 208 S. W., 407.

We do not think the decision in Martin v. McAdams is in conflict with our decision nor with the previous decisions.

The questions we have considered depend entirely on the relation of the parties—witnesses to the issues tendered, that is to say, on whether they were parties and witnesses in a suit which is an action arising out of a transaction with the decedent, in the light of the issues tendered. Such questions were excluded from consideration before the Court made the pronouncement in Martin v. McAdams, claimed to require the admission of the excluded testimony. For, the Court, in the opinion of Judge Gaines, prefaced such pronouncements with the statement that they were made in answer to the question as to whether the testimony there under consideration fell within the terms of the statute, upon the concession "that the witnesses whose testimony was excluded in this case were so related to the issue to be tried as to exclude them from testifying as to any transaction with or statement by the deceased whose will was sought to be established." 87 Texas, 227. Manifestly a decision made on the assumption that the statute applied to a certain action cannot be decisive that the statute does not apply to such action.

What the case of Martin v. McAdams does decide is: "Testimony to the opinion of the witness that a certain paper, which is offered, is in the handwriting of the alleged testator, is not testimoney as to any statement by him, nor do we think that it is testimony as to any transaction by him."

While the opinion in Martin v. McAdams refers to the testator and attesting witnesses as the only participants in the ordinary making of an attested will, and points out that devisees may have

110 Tex.—8.

nothing to do with the execution of a will, yet, it was nevertheless expressly recognized and stated that the mere making of a will is a transaction of the testator.

Moreover, it is hardly likely that the Court would have declared at the very same term, in Gamble v. Butchee, that the statute applied to an action to probate a will if the opinion in Martin v. McAdams had been intended to announce the reverse of the proposition.

The opinion in Simon v. Middleton, 51 Texas, Civ. App. 543, 112 S. W., 441, on motion for further conclusions of law, appears to have been based on certain expressions in the opinion in Martin v. McAdams, and the decision in that case to the effect that an action by devisees against heirs, to probate a will is not an action by or against the heirs or legal representatives of a decedent arising out of a transaction with such decendent, being in conflict with the previous decisions of this Court and our conclusions herein, is overruled, as is the opinion of the Court of Civil Appeals in Grelle v. Grelle, 206 S. W., 114, in so far as it follows the authority of Simon v. Middleton.

The effect of this opinion is also to disapprove and overrule the conflicting portions of the opinion of the Court of Civil Appeals in Byrnes v. Curtin, 208 S. W., 407, wherein a writ of error was heretofore granted, the cause having been later dismissed under an agreement of settlement between the parties.

In Ross v. Kell, 159 S. W., 119 and Clark v. Briley, 193 S. W., 419, the Fort Worth Court of Civil Appeals review with care the cases of Martin v. McAdams and Simon v. Middleton, and follow the opinions in Brown v. Mitchell and Sanders v. Kirbie as controlling in requiring the exclusion of testimony substantially similar to that here offered by parties to proceedings for the probate of wills.

Plaintiffs in error urge that in no event should the testimony of Cecelia Leahy's husband. Phillip Leahy, to statements by Mrs. Timon to him, have been excluded.

Phillip Leahy was a party to the suit and as such comes within the prohibition of the statute that *"neither party* shall be allowed to testify against the other,'' to specified statements and transactions, "unless called to testify thereto by the *opposite party.''*

In Parks v. Caudle, 58 Texas, 216, the suit was brought by Caudle and wife, in right of the wife to recover her separate property, and Caudle was held not to be a competent witness to prove a transaction with the decedent.

The exclusion of parties, within the meaning of the statute, has been extended to a husband separated from his wife, though not divorced, upon the ground of his being a proper party plaintiff. Heirs of Reddin v. Smith, 65 Texas, 26.

We have considered all other questions and find that they were correctly determined by the Court of Civil Appeals, and require no further discussion.

The judgments of the District Court and of the Court of Civil Appeals are affirmed.

*Affirmed.*