**HOLLAND v. NIMITZ et al. (No. 250-3452.)**

(Commission of Appeals of Texas, Section A. June 15, 1921.)

1. Witnesses ⬉159(14)—Party to probate proceedings, who was heir of testatrix, held incompetent to testify as to insanity.

In a proceeding to contest the probate of a will, evidence by a daughter and heir of testatrix that, from observation of her acts, conduct, and *mental and physical condition*, she was of opinion that testatrix was insane at time of making the will, *held* properly excluded, as inadmissible, under Rev. St. 1911, art. 3690; the witness being a party to the proceedings.

2. Witnesses ⬉160(1)—Evidence as to care given decedent by defendant in will contest held not inadmissible as concerning transactions with decedent.

In a proceeding to contest the probate of a will, a daughter and heir of decedent, though a party to the proceeding, *held* competent to testify that, when decedent was brought to a certain town during her last illness, no preparations had been made to take care of her

at defendant's house, and that defendant's wife was unkind to her and neglected her; such testimony not being inhibited by Rev. St. 1911, art. 3690.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Proceeding by Mary Ellen Nimitz and others against Robert S. Holland to contest the probate of the will of Mrs. Susan E. Holland, deceased. The will was admitted to probate in the county court, and also in the district court, and on appeal the Court of Civil Appeals (217 S. W. 244) reversed and remanded the case, and defendant brings error. Affirmed, as recommended by the Commission of Appeals.

Critz & Woodward, of Coleman, and Blanks, Collins & Jackson, of San Angelo, for plaintiff in error.

Wright & Harris, of San Angelo, for defendants in error.

SPENCER, J. This was a proceeding by defendants in error to contest the probating of the will of Mrs. Susan E. Holland. The will was admitted to probate in the county court of Tom Green county, and the same result followed in the district court of that county. Upon appeal, the honorable Court of Civil Appeals reversed and remanded the cause, for the reason that the trial court refused to permit Mrs. Nimitz, a daughter and heir of the testatrix, to testify that, independently of any statement made by testatrix or transaction with her, but merely from observation of decedent's acts, conduct, and mental and physical condition, she was of opinion that testatrix was insane at the time of making the will. 217 S. W. 245.

The trial court excluded the proffered testimony because in its opinion it was inhibited by article 3690, Revised Civil Statutes 1911. That article reads:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

[1] In our opinion the evidence was inadmissible. The validity of the will depends upon the sanity of testatrix at the time she executed it. Mrs. Nimitz was a party to the proceeding resisting the probate of the will and interested in establishing the insanity of testatrix. The question is thus narrowed to the single proposition: Is the opinion, as to the sanity of testatrix, based, not upon any conversation had with her or statement by her, but solely upon observations of her acts and conduct, and physical and mental condition, a transaction with decedent within the meaning of the statute?

We think that it is. The words "transaction with," as used in statutes similar to ours relating to the admissibility of transactions with decedents, have often received judicial interpretation, and have been held to include every method by which one person can derive impressions or information from the conduct, condition, or language of another. Holland v. Holland, 98 App. Div. 366, 90 N. Y. Supp. 208; Holcomb v. Holcomb, 95 N. Y. 316. The Supreme Court of this state, in Leahy et al. v. Timon et al., 110 Tex. 73, 215 S. W. 951, has definitely and pointedly decided that heirs of a decedent, whose will they are interested in setting aside, are prohibited by the terms of the statute from testifying as to statements by testatrix tending to establish testatrix's mental capacity at the time of making the will. Lasater v. Lopez, 110 Tex. 73, 215 S. W. 951.

There is just as much or more reason for prohibiting an opinion by an heir, based upon observations as to acts or conduct of a party whose sanity is called in question, as there is to prohibit an opinion based upon statements made by such party. The statements of a person are a part of his acts and conduct, and an index thereto; specific acts or conduct are often indicative of mental condition, but not necessarily so. The acts or conduct testified to in a given case as a basis of insanity would be susceptible of explanation or subject to contradiction by the person whose sanity is questioned, if that person were living. The object of the statute was to prohibit the interested heirs and legal representatives from testifying to any facts, or opinions, based upon observations, arising out of any transaction with the decedent which the decedent could, if living, contradict or explain. Death having sealed the lips of one of the parties, the law, for reasons founded upon public policy, seals the lips of the other.

The intent and purpose of the statute was to exclude just such character of testimony as was excluded by the trial court in this case. That intent and purpose can be carried out by giving to the expression "any transaction with the decedent" that construction which is usually given to it by courts construing similar statutes. Any other construction would do violence to the manifest intent of the lawmaking body.

The construction we have given the statute is borne out, and this case is ruled, we think, by the decision of the Supreme Court in Parks v. Caudle, 58 Tex. 216. In that case the witness Caudle was permitted, over objections, to testify that Joel D. Parks executed and delivered a certain deed to William A. Park, and also as to what passed between

Parks and Park at the time explanatory of the transaction. Caudle was not interested therein at the time, but subsequently became so. The court held that it was error to permit him to testify as to the execution of the deed, or as to what passed between Parks and Park, or as to any statements made at the time by Parks and Park in the presence of each other. That was a case in which the witness was testifying as to what he observed, or, in other words, his testimony had reference to the acts and conduct of the decedent during the latter's lifetime, and the Supreme Court held that the words of the statute were sufficiently broad to exclude such testimony. With equal reason we think that the statute also excludes the proffered testimony in this case.

[2] The Court of Civil Appeals sustained defendant in error's assignment to the effect that the trial court erred in refusing to permit Mrs. Nimitz to testify that, when her mother was brought to San Angelo during her last illness, no preparations had been made to take care of her at plaintiff in error's house where she was taken, and that plaintiff in error's wife was unkind to her and neglected her. This testimony is not inhibited by article 3690. We do not pass upon its admissibility otherwise, however, as it is not such an error as we are called upon to review, but only refer to it as a reason for recommending an affirmance of the judgment of the Court of Civil Appeals, reversing and remanding the cause.

We recommend, therefore, that the judgment of the Court of Civil Appeals, reversing and remanding the cause, be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes