### WALKER et al. v. FIELDS et al.*
(No. 377—3520.)

(Commission of Appeals of Texas, Section A.
Jan. 24, 1923.)

1. Wills ⬪�þ146—Nuncupative will must be reduced to writing only if probate delayed over six months.

A nuncupative will, under Rev. St. arts. 3269, 7860, 7863, need be reduced to writing only if its probate is delayed longer than six months.

2. Wills ⬪�þ146—Nuncupative will need not be reduced to writing by three witnesses.

Under Rev. St. arts. 3269, 7860, 7863, a nuncupative will need not be reduced to writing by each of the three witnesses thereto; nor need they all participate in reducing it to writing or sign the writing, but it suffices if it be shown that the writing was made by at least one of the witnesses called on by the testator to bear witness to his will, or that it was made under the direction of at least one such witness, or, if prepared by another, that it was examined by at least one of such witnesses within the six days prescribed by the statute with reference to its accuracy, and found correct, and the other two witnesses must concur

at the hearing in the accuracy of the writing as constituting a substantial reproduction of the language of the testator used in making the will.

**3. Appeal and error ☞203(3)—Objection that executor of nuncupative will was disqualified from testifying thereto cannot be first raised on appeal.**

The objection that one who was a witness to and the named executor of a nuncupative will was disqualified as proponent thereof from testifying to the speaking of the testamentary words, under Rev. St. art. 3690, as to transactions with a testator, could not be first raised on appeal; and his unobjected to evidence was not without probative force.

**4. Appeal and error ☞1175(1)—On reversal judgment may be rendered where question is one of law only.**

Where the parties admit that the only issue involved is one of law, the Supreme Court, on reversing, will render judgment for party entitled.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Will contest between Brock Walker and another, proponents, and Ola Fields and others, contestants. Judgment refusing probate of the will was affirmed by the Court of Civil Appeals (221 S. W. 632), and proponents bring error. Reversed and rendered.

Lee R. Stroud, of Dallas, for plaintiffs in error.

Wynne & Wynne, of Kaufman, for defendants in error.

GALLAGHER, P. J. Plaintiffs in error, Brock Walker and Mrs. Fannie Rhodes, in the county court of Kaufman county offered for probate a nuncupative will of their father, S. F. Walker, deceased. Defendants in error, Ola Fields and others, heirs at law of the deceased, contested the probate of the same. There was a hearing of the application for probate before the county court more than six months after the speaking of the testamentary words, and that court refused to probate the will. On appeal to the district court a trial de novo was had before a jury. The court instructed a verdict for contestants, and entered judgment thereon refusing to. probate said will. The Court of Civil Appeals affirmed the judgment. 221 S. W. 632. The case is before us on a writ of error granted by the Supreme Court on the application of the proponents of said will.

The estate of the testator bequeathed by said will consisted of personalty of the probable value of $5,000. The testator called proponent Brock Walker, Oscar Marshall, and two others to his bedside, and stated to them, in substance, that he had been working

and saving for years for his daughter, Fannie Rhodes, and her children, in order that they might have something to live upon after his death; that he realized that he had not long to live; that it was his will that all his property should pass to said daughter, and her two children; that he wanted his son, Brock, to take charge of all of his property at his death, and see that it went to them, and that he wished all present to bear witness that such was his will. There is no contention that any of the statutory requirements of a valid nuncupative will to entitle such will to probate were not complied with, except the provision requiring the testamentary words to be reduced to writing within six days after they were spoken.

The testimony showed without contradiction that the next morning after the making of said will Brock Walker reduced the same to writing. None of the other witnesses were present at the time. Shortly thereafter, and within the statutory period of six days, he showed the writing to said Oscar Marshall. The other two called as witnesses by the testator never saw the writing until they testified before the county court. All four of said witnesses agreed as to the testamentary words so spoken and as to the testator's calling on them to witness the same. They all testified that the words so spoken by the testator were the same as the words of said writing. There was testimony that said four witnesses, on the same day, and shortly after the making of the will, got together and talked about just what the testator had said, and that several times afterwards they met and discussed the same subject. The testimony showed that Mrs. Rhodes was a widow, and that her two children were five and ten years of age, respectively. It further showed that the testator had declared to his physician and to another prior to the making of the will that he was working and saving so that his said daughter and her children would have something to live on when he died.

Title 135 of the Revised Statutes, on the subject of wills, provides that any person competent to make a last will and testament under the provisions thereof may dispose of his property by a nuncupative will made under the conditions and limitations therein prescribed. R. S. art. 7860. Among the conditions and limitations therein prescribed are the provisions of article 7863, which reads as follows:

"After six months have elapsed from the time of speaking the pretended testamentary words, no testimony shall be received to prove a nuncupative will, unless the testimony, or the substance thereof, shall have been committed to writing within six days after making the will."

Similar provisions are contained in the chapter of our Revised Statutes providing for the probate of wills. Article 3269 thereof, so far as applicable, reads as follows:

"No nuncupative will shall be proved within 14 days after the death of the testator; nor shall any such be probated after six months have elapsed from the time of speaking the pretended testamentary words, unless the same, or the substance thereof, shall have been committed to writing within six days after making such will."

These two statutes have existed in their present form for many years. While couched in slightly different language, their, meaning is the same. The "testamentary words" referred to in one article constitute the "testimony" referred to in the other. We have found no case holding that the facts required to meet the other conditions and limitations imposed by the statutes must be reduced to writing. Such facts must be proved, and constitute a part of the evidence necessary to be introduced before a nuncupative will can he admitted to probate, but they may be proved by other witnesses, or by the witnesses to the will, regardless of whether they have ever been reduced to writing at any time prior thereto.

[1, 2] A nuncupative will is required to be reduced to writing within six days only in event its probate is delayed longer than six months. At any and all times prior to the expiration of that arbitrary period the will is valid, and, when otherwise properly proved, entitled to probate without any attempt to show that the same had been so reduced to writing. The statute requiring such a will to be reduced to writing when its probate is delayed is general in its terms. It does not require that each of the three witnesses thereto shall reduce it to writing, nor that they shall each direct the same to be done, or participate therein. They are not required by the statute to sign the writing. The obvious purpose of the requirement is to secure approximate verbal accuracy in preserving the language used by the testator in making the will. We think that it must be shown that the writing was made by at least one of the witnesses called on by the testator to bear witness to his will, or that it was made under the direction of at least one such witness, or, if prepared by another, that it was examined by at least one of such witnesses within the six days prescribed by the statute with reference to its accuracy, and found correct. When this is done the language used by the testator is preserved, and its accuracy verified by one of the three credible witnesses required by the statute to establish such will. The other two credible witnesses so required must concur at the hearing in the accuracy of the writing as constituting a substantial reproduction of the language of the testator

used in making such will. Mitchell v. Vickers, 20 Tex. 385. The statute does not in terms require anything more than this. It authorizes the making of such wills, and directs that they shall be admitted to probate when its terms have been complied with. We do not feel justified in going beyond the terms of the statute by requiring that all three of the witnesses shall participate in the act of reducing the will to writing, or that they shall all examine the same and pronounce it correct within the six days' period, nor that they or any of them shall sign their names to such writing. Had the Legislature so intended it could have easily used appropriate language to require the same.

This is a question of first impression in this state, and we have treated it as such. We have found only one case to the contrary. It is the case of Welling v. Owings, 9 Gill, 467, decided by the Court of Appeals of Maryland in 1851. The statute of that state quoted and construed in that case was purely restrictive. It did not, like our statute, expressly authorize the making of such wills, nor direct that they should be admitted to probate when properly proved. The Legislature of that state afterwards provided that no nuncupative will should be valid therein. 2 Annotated Code of Maryland, p. 2152, art. 93, § 333. Inasmuch as our statute discloses a different legislative policy with reference to such wills, we do not feel constrained to adopt the rule. announced in that case.

[3] Brock Walker was a son of the testator, and therefore one of his heirs at law. He was one of the proponents of the will. It was recited in the amended application for probate of the same that he was by the terms thereof appointed executor of the same, but that he thereby renounced his right to act as such. He testified to the speaking of the testamentary words; that he and said Marshall and the other two witnesses were called upon by the testator to witness that such words were his will; that he correctly reduced the same to writing, and that he exhibited said writing to said Marshall within six days. He produced said writing in court, and asked that it be probated as the will of the deceased. Contestants insist that he was prohibited from testifying with reference to any transaction with his deceased father by the express terms of article 3690 of the Revised Statutes unless called to testify thereto by them. They further insist that because of these facts the evidence was insufficient to sustain the probate of such will, and that the court for that reason did not err in granting their motion for an instructed verdict.

Said article of the Statute provides that, in actions by or against executors or administrators in which judgment may be

rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator or intestate unless called to testify thereto by the opposite party, and that the provisions of said article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent. Our Supreme Court has held that this statute applies, and disqualifies heirs as witnesses in contests over the probate of wills unless called to testify by the opposite party. Leahy v. Timon, 110 Tex. 73, 215 S. W. 951. The right, however, to have the testimony of such witnesses excluded is one given by law to the opposite party for his benefit. Relevant evidence given by such a witness is not without probative force, like the evidence considered in Henry v. Phillips, 105 Tex. 459, 466, 151 S. W. 533. To make the statute applicable, timely and pertinent objection to such evidence must be interposed. 28 R. C. L. p. 516, § 103; 40 Cyc. p. 2350; Henry v. Phillips, 105 Tex. 459, 466, 151 S. W. 533; Hickman v. Green, 123 Mo. 165, 22 S. W. 455, 27 S. W. 440, 29 L. R. A. 39. There is in the record no bill of exception showing an objection by contestants. to the testimony of said witness, and no exception to its admission. Contestants in their motion for an instructed verdict did not assail this or any other evidence before the court as incompetent or inadmissible. They cannot raise the question for the first time on appeal, and their contention is overruled.

[4] The record shows that, after the evidence in the case was closed by both parties, contestants admitted that the evidence offered by proponents in support of their application for the probate of such will was without conflict, and that the case must turn entirely on a question of law, which question was whether the act of reducing the will of the testator to writing, to be valid, must have been performed by three witnesses, or whether such action was sufficient and valid, it having been performed by only two of the witnesses. Proponents made a similar admission. Contestants requested a peremptory charge in their favor. Proponents requested a similar charge in their favor. The record further shows that the court considered the issue of law so tendered, and, being of the opinion that the act of reducing the will of testator to writing, to be valid, must have been the act of three witnesses to the will, and that the evidence submitted was not sufficient to authorize the probate of such will, instructed the jury accordingly.

The parties having admitted that the only issue involved is one of law, we recommend that the judgments of the district court and Court of Civil Appeals be here reversed, and that judgment be here rendered admitting said will to probate.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and judgment rendered admitting the will to probate.