## DEAN v. DEAN.  (No. 2337.)

(Court of Civil Appeals of Texas, Texarkana. Dec. 22, 1920. Rehearing Denied Jan. 6, 1921.)

1. Gifts ⬉25—Break in continuity of possession will not destroy parol gift, where there was no noncompliance or abandonment.

In order for a break in the continuity of possession to destroy a parol gift of land, it must appear, either that there was noncompliance with the conditions of the gift or an abandonment of the property, and hence in an action by a son against his mother, for title to land upon which he entered and constructed improvements relying on a parol gift, a requested instruction that there could be no recovery unless possession was continuous was properly refused, where it appeared that the son left the land temporarily with the consent of his mother, and that thereafter he returned and resumed possession without objection.

2. Gifts ⬉25—Parol gift of land will be sustained when clearly proven and possession taken.

A parol gift of land will be sustained and enforced when clearly proven, and when possession has been taken and valuable improvements made on the faith of it, therefore, when a son relying on his mother's promise to give him land entered thereon and constructed improvements, he was entitled to a conveyance on termination of litigation which the mother fixed as the time for conveyance, notwithstanding his temporary absence; it appearing there was no abandonment.

Appeal from District Court, Harrison County.

Action by W. L. Dean against Mrs. M. A. Dean. From a judgment for plaintiff, defendant appeals. Affirmed.

Hall, Brown & Hall, of Marshall, for appellant.

Scott & Lane, of Marshall, for appellee.

HODGES, J. The appellee sued the appellant, his mother, for the title to a 100-acre tract of land described in his petition. His claim for title is based upon parol gift from her. He testified, in substance, that in 1909 his mother owned about 720 acres of land,

and during the fall of that year she agreed, if he would move on and improve the tract of land in controversy, that she would make him a deed as soon as a lawsuit she was then having with a man by the name of Furrh had been settled. He testified that she said:

"Son, Furrh is lawing me over the 420-acre tract, which is the J. W. Croft tract. You go on this land, build a house and do improvements, and as soon as I get the Furrh case settled I will give you a deed to 100 acres of land."

She later picked out a site for the house, and made suggestions regarding the improvements. He soon thereafter began improving the land, built a residence, and made other improvements, which he says aggregated to $1,500. He occupied the premises the following year. During the latter part of that year he was offered a position at some other point. He left the place for the purpose of accepting that employment, and remained away for several years. He testified that when he left he told his mother to collect and keep the rents from the place. In January of 1917 he returned, moved back to the place, made some additional improvements, and has been occupying it continuously since that time. The testimony further shows that the Furrh case referred to had been settled several years, but that the appellant refused to make him a deed. The appellee was corroborated by his father, the divorced husband of the appellant, and also by his sister, who testified that she was present at the time. Appellant admitted that a conversation occurred at the time referred to about giving the appellee the tract of land in controversy, but testified that she only agreed to bequeath it to him in her will. She denied that she agreed to make him a deed during her lifetime.

[1] After a charge, of which there is no complaint, the jury determined the issue of fact in favor of the appellee. The appellant requested the court to give the following special charge, which was refused:

"You are charged as a part of the law of this case that, even though you find from the evidence in this case that the defendant took possession of the land in controversy and made valuable improvements thereon, he cannot recover unless his possession has been continuous and exclusive of all others. Therefore if you find from the evidence that the plaintiff, W. L. Dean, has not had continuous possession of said land in controversy since he first took possession of same, you will find a verdict for the defendant."

[2] The charge was doubtless suggested by the testimony showing that there was a break in the continuity of the possession of the appellee, which occurred the year after his occupancy began. Whether or not a break in the continuity of possession will destroy the effect of a parol gift depends upon circumstances. In order for the break to defeat the legal effect of the gift it must be sufficient to show either a noncompliance with the conditions of the gift or an abandonment of the property. Neither of those inferences would necessarily be drawn from the evidence in this case. Hence the jury should not have been instructed as requested.

"A parol gift of land will be sustained and enforced when clearly proven, and when possession has been taken and valuable improvements made on the faith of it." Wootters v. Hale, 83 Tex. 563, 19 S. W. 134.

If the testimony of the appellee is to be taken as true, his mother promised to give him the land in controversy, upon condition that he would move on it and make improvements. This he did, thereby showing an acceptance and a compliance with the conditions of her gift. This was sufficient to entitle him, when the time arrived, to demand the written conveyance which he says she had promised. His absence from the premises is not such as should or might be construed as an abandonment of the place. He absented himself for the reason that the land was poor, and he could earn more money in other employment. He left with the consent, apparently, of his mother. He returned and resumed possession without any objection from her, and thereafter added to the improvements previously made. These facts, we think, were sufficient to justify the judgment rendered, and it is affirmed.