**RUTHERFORD et al. v. ROBBINS.** *
(No. 3343.)

Court of Civil Appeals of Texas, Texarkana.
March 23, 1927.

Rehearing Denied April 7, 1927.

1. **Pleading** ⊚⟹236(3)—**Refusal to permit filing amended pleadings after selection of jury held within trial court's discretion.**

·Refusal to permit filing of amended pleadings after selection of jury in will contest *held* within discretion of trial court.

2. **Wills** ⊚⟹324(3)—**Evidence of undue influence in will contest held insufficient for jury.**

Evidence in will contest *held* insufficient to warrant court in submitting issue of undue influence to jury.

3. **Wills** ⊚⟹384—**Error in admitting affidavits of subscribing witnesses to will held harmless, when testimony embraced therein was only cumulative.**

Although introduction· of affidavits of subscribing witnesses to will was improper, in view of repeal of article 3275, Rev. St. 1911, because omitted in codification of 1925, admission thereof *held* harmless when only issue of importance to which testimony related was mental condition of testatrix, and testimony embraced in affidavit was only cumulative of what was testified.to on such issue by a large number of witnesses.

4. **Wills** ⊚⟹384—**Argument of counsel for proponent relative to failure of contestants to call him as witness held not of sufficient importance to justify reversal.**

Argument of attorney for proponent of will, in answer to prior argument of attorney for contestant, alluding to proponent's failure to call certain witnesses, whereby counsel for proponent asked why contestants had not called him as they knew he was familiar with business of testatrix, *held* not of sufficient importance to justify reversal.

5. **Witnesses** ⊚⟹140(6) — **Members of church which is beneficiary under will held competent to testify in will contest (Rev. St. 1925, art. 3716).**

Members of certain church, made beneficiary under will, *held* not incompetent to testify in contest by reason of Rev. St. 1925, art. 3716, on ground that they were incidentally beneficiaries, since legatees in will are not prohibited from testifying in suits of such character.

On Motion for Rehearing.·

6. **Wills** ⊚⟹317—**Interrogatories on issue of mental capacity, establishing that testatrix knew and understood effect of her act at time of signing will, held sufficient.**

Refusal of court in will contest to submit interrogatories on issue of mental capacity, requiring testatrix to have sufficient ability to understand business, effect of acts in making will, and capacity to know objects of bounty and their claim on her, and general nature and extent of property, *held* not erroneous, in view ·of jury's answer to interrogatories to effect that testatrix had sufficient mentality to enable her to know and understand effect of act and that she signed will, knowing contents and effect thereof.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Application by A. L. Robbins for probate of the will of Mrs. Pete Bollinger, deceased. From an order admitting the will to probate, contestants, Mrs. Birdie Rutherford and others, appeal. Affirmed.

Patrick & Eubank, of Paris, for appellants.
Robbins & Bailey, of Clarksville, for appellee.

HODGES, J. Mrs. Pete Bollinger died in Red River county, Tex., January, 1926. She left a will, in which, after making specific bequests to certain friends, she devised the remainder of her property to the Juliett Fowler Orphans' Home at Dallas, Tex., and to the trustees of the Christian Church at Clarksville, Tex. The application to probate was contested by the appellants, who are the collateral heirs of the testatrix, upon the ground of mental incapacity and undue influence. It was alleged that the undue influence was exercised by Miss Susie Deaver and Mr. and Mrs. Fleenor, beneficiaries in the will.

The court submitted the issue of mental incapacity in the following interrogatories:

"(1) Did or did not Mrs. Pete Bollinger, at the time the purported will was executed, have mind and memory sufficiently sound to enable her to know and understand what she was doing and the effect of her act? Answer: She did.

"(2) If you answer the foregoing special issue No. 1 in the affirmative, and only in such event, then you will answer the following question: Did or did not Mrs. Pete Bollinger, at the time she signed the purported will, know the contents and effect thereof? Answer: She did."

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 11, 1927.

·The court refused to submit the issue of undue influence, and, ·upon the the findings of the jury, entered an order admitting the will to probate.

[1] The court sustained exceptions to most of the charges of undue influence, on the day the parties announced ready for trial. The contestants excepted, but did not ask leave to amend. On the day following, and after the selection of the jury had been completed, the contestants asked leave to file a second amended contest. This was refused by the court, and that refusal is assigned as error. The filing of amended pleadings at that stage of the trial was a matter that rested in the discretion of the court. Under the facts disclosed by the record in this case, we cannot say that the court abused his discretion.

[2] Contestants also requested the court to submit the issue of undue influence, and the failure to do so is assigned as error. After the court has sustained exceptions to portions of the contest alleging undue influence, the only remaining averments raising that issue are those which charge that Susie Deaver took advantage of the physical and mental weakness of Mrs. Bollinger, "and followed her around, continually urging Mrs. Bollinger to make a will bequeathing to her (Susie Deaver) a diamond ring." So far as shown by the facts, seemingly relied on by counsel for the appellants, there was not sufficient evidence to warrant the court in submitting that issue to the jury. The diamond ring was apparently only a small portion of the estate disposed of by the will, and there is no evidence that the testatrix was importuned to the extent of interfering with the free exercise of her own will.

It is also contended that the court did not properly submit, in the interrogatories propounded, the issue of mental incapacity, and that the special interrogatories presented by the contestants should have been submitted. We think the objection to the manner in which that issue was submitted is untenable. If the testatrix possessed the capacity implied in the answers given by the jury, there would be little reason for denying the application to probate her will. Byrnes v. Curtin (Tex. Civ. App.) 208 S. W. 405.

[3] The proponents offered in evidence the affidavits of H. G. Wootten and L. F. Giddens, two of the subscribing witnesses to the execution of the will. Those affidavits purported to be the testimony of the two witnesses taken in the county court when the will was offered for probate. They were objected to upon the ground that they were not the best evidence, and that the witnesses were present and could be called to testify in person. The court overruled the objections and admitted the affidavits. In the codification of 1925, article 3275, Rev. St. 1911, which permitted a certified copy of the record of the testimony taken in the county court to be read in evidence in future trials of the same issues, was omitted. Such omissions operated as a repeal of that statute. The admissibility of such testimony is now governed by the common-law rules. Since the witnesses were available for use upon the trial, their affidavits should not have been introduced. However, Wootten was called to the stand and testified orally at some length to the same facts, and was cross-examined by the contestants. That lessened the force of the objection to his affidavit. The affidavit of Giddens, as well as that of Wootten, in substance, stated that at the time of making the will, the testatrix was of sound and disposing mind and memory, and she declared the said will made by her to be her last will and testament, and that the witnesses signed in her presence and in the presence of each other at her request. The mental condition of the testatrix is the only issue of present importance to which that testimony related. What is embraced in the affidavits ·is only cumulative of what was testified to by a large number of other witnesses in the trial below. We are therefore of the opinion that the error was harmless. Judging from the mass of evidence in the record before us, we think it wholly improbable that a different verdict would have been rendered had the affidavits been excluded. A reason for the exclusion of contestants from benefits under the will is found in the fact that they are only collateral relatives, and had been engaged for several years in a lawsuit with Mrs. Bollinger, the testatrix.

[4] The objection to the argument of one of the attorneys upon the trial of the case is, we think, without merit. An attorney for the contestants in a prior argument alluded to the failure of the proponent to call certain witnesses who might have testified upon the trial. Those witnesses were interested parties and could not be called by the proponent, but might have been called by the contestants. Counsel for proponent in his reply asked why the contestants had not called him (counsel) as they knew he was more familiar than any one else with the business affairs of the testatrix. We do not think the language used was of sufficient importance to justify a reversal of the judgment.

[5] Contestants also objected to the testimony of certain members of the Christian Church at Clarksville, on the ground that they were incidentally beneficiaries in the will. Article 3716, Revised Statutes 1925, does not prohibit legatees in a will from testifying in suits of this character. As supporting a contrary view, contestants refer to the case of Harris v. Harris' Estate, 276 S. W. 965, decided by the Court of Civil Appeals at Waco. It is true that the language used by Associate Justice Barcus in rendering that opinion seemingly supports the contention urged by the contestants; but that portion of the opinion was mere obiter. The record shows that the witness in that case

was incompetent upon other grounds than that he was a beneficiary under the terms of the will.

The following cases, we think, sustain the ruling made by the court in this case: Newton v. Newton, 77 Tex. 508, 14 S. W. 157; Wootters v. Hale, 83 Tex. 563, 19 S. W. 134.

The judgment will therefore be affirmed.

### On Motion for Rehearing.

[6] In this motion for rehearing the appellants renew their complaint of the refusal of the court to submit the following form of a special issue:

"In order for a person to be competent to make a will it is necessary that such person possess testamentary capacity. By the words 'testamentary capacity' is meant that the person making the will must, at the time the will is executed, have sufficient ability, without prompting, to understand the business in which she is engaged, the effect of her acts in making the will, the capacity to know the objects of her bounty and their claim upon her, and the general nature and extent of her property.

That definition has been approved by the courts in many cases. In this case, however, the trial court did not ask the jury the abstract question as to whether or not the testatrix had testamentary capacity, but used a more concrete form of inquiry. The answers given implied a finding that at the time of making her will Mrs. Bollinger knew what she was doing, that she was making a will disposing of her property; she knew the contents of the will, and understood the disposition that she was making of her property; the will referred to several articles of property and specifically named the beneficiaries. The only practical difference between this form of inquiry concerning the mental capacity of the testatrix and that requested by the contestants is that, in the form used, the jury were not required to find that the testatrix knew the objects of her bounty and their claim upon her and the general nature and extent of her property. The omission of a finding upon those issues is, we think, immaterial.

Upon a further examination of the testimony adduced in the trial court we have reached the conclusion that proof of the mental soundness of Mrs. Bollinger was so abundant that a finding to the contrary might be seriously questioned as unsupported by the evidence. She did not have extensive property holdings, and the evidence did not warrant a finding that she did not understand the nature and extent of that property. There was ample reason for the exclusion of the contestants from any benefits under the provisions of her will, and there is nothing unusual or unnatural in any of the bequests that were made.

We are of the opinion that, even though there may have been some technical errors committed in the trial of the case, justice requires that the judgment should be affirmed.

The motion is overruled.