### RUTHERFORD et al. v. ROBBINS.
(No. 993–4858.)

Commission of Appeals of Texas, Section A. Oct. 19, 1927.

Wills &reg;&#8212;330(1)—Where there was evidence of mental incapacity, refusal of requested instruction defining "testamentary capacity" held error.

Where probate of will was contested on ground that testatrix was of unsound mind and mentally incapable of making a will, and there was evidence raising issue of mental incapacity, submitted issues of which were objected to as not comprehending proper definition, refusal of contestant's requested instruction, defining "testamentary capacity" as meaning that testatrix, at time will was executed, must have sufficient ability to understand business in which she was engaged, effect of her acts of making will, capacity to know objects of her bounty and their claims on her, and general nature and extent of her property, *held* error.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Application by A. L. Robbins for probate of the will of Mrs. Pete Bollinger, deceased. Order admitting the will to probate was affirmed by the Court of Civil Appeals (294 S. W. 265), and Mrs. Birdie Rutherford and others bring error. Judgment of the district court and Court of Appeals reversed, and cause remanded.

R. T. Wilkinson, Jr., of Mt. Vernon, T. T. Thompson, of Clarksville, and R. E. Eubank, of Paris, for plaintiffs in error.

Robbins & Bailey, of Clarksville, for defendant in error.

HARVEY, P. J. This is a probate proceeding in which an instrument purporting to be the will of Mrs. Pete Bollinger, deceased, is sought to be admitted to probate as such. The instrument purports to dispose of all the property owned by Mrs. Bollinger at the time of her death; which property consists of both real and personal property of the value of several thousand dollars. Excepting a special legacy to a cousin, no part of the property is bequeathed or devised to any relative of Mrs. Bollinger, but, according to the terms of the instrument, the bulk of her property is to go to others who bore no kinship relation to Mrs. Bollinger. Contestants Mrs. Birdie Rutherford and other heirs at law of Mrs. Bollinger contested the probate of the will on the ground that Mrs. Bollinger was of unsound mind and mentally incapable of making a will at the time the instrument was executed. The case, having been appealed to the district court of Red River county, was tried in that court with the aid of a jury. Upon the jury's verdict, judgment was rendered admitting the instrument to probate. There is evidence in the record which raised the issue of mental incapacity on the part of Mrs. Bollinger to make a will. The trial court submitted to the jury the two following special issues, to both of which the jury made affirmative answers, to wit:

"(1) Did or did not Mrs. Pete Bollinger, at the time the purported will was executed, have mind and memory sufficiently sound to enable her to know and understand what she was doing and the effect of her act?

"(2) If you answer the foregoing special issue No. 1 in the affirmative, and only in such event, then you will answer the following question: Did or did not Mrs. Pete Bollinger, at the time she signed the purported will, know the contents and effect thereof?"

The contestants duly objected to the submission of these special issues to the jury, on the ground that the issues as framed did not comprehend certain elements of testamentary capacity which are pointed out in the objection and are reflected in the requested instruction hereinafter set out. The objection was overruled. The contestants also in this connection, duly requested the court to submit to the jury the following special issue, together with the accompanying explanatory instruction, to wit:

"At the time that the testatrix executed the will which has been offered for probate as her last will and testament, did she have testamentary capacity?

"Answer. * * *

"In arriving at your answer to the foregoing question, you will bear in mind the following definition of what is meant by 'testamentary capacity.' By the term 'testamentary capacity,' is meant that the person making the will must, at the time the will is executed, have sufficient

ability to understand the business in which she is engaged, the effect of her acts in making the will, the capacity to know the objects of her bounty and their claims upon her, and the general nature and extent of her property."

The trial court refused to submit to the jury this requested special issue and its accompanying explanatory instruction.

The submission to the jury, over the objection of contestants, of the two special issues first above set out and the refusal to submit the special issue requested by contestants, together with its accompanying explanatory instruction, constitute reversible error. Morris v. Morris (Tex. Com. App.) 279 S. W. 806.

Other matters of which the plaintiffs in error complain will probably not arise upon another trial, and we express no opinion thereon.

We recommend that the judgment rendered by the trial court and that of the Court of Civil Appeals (294 S. W. 265), affirming same, be reversed and the cause remanded.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.