**DOUGLAS v. DAVIS et al. (No. 1524.)**

Court of Civil Appeals of Texas. Beaumont.
Nov. 23, 1927.

Rehearing Denied Dec. 7, 1927.

1. Gifts ⊚⟿25—For parol gift of land to be upheld, donor must deliver possession to donee, who must make valuable improvements on faith of gift, with donor's knowledge.

Before parol gift of land can be enforced or upheld, possession thereof must be delivered by donor to donee, and latter must make permanent and valuable improvements upon land on faith of parol gift, with knowledge of donor.

2. Gifts ⊚⟿25—Where donee makes improvements of insignificant value on land relying on parol gift, gift cannot be enforced.

Although evidence showing parol gift and that possession by donee was taken in reliance upon gift is strong, if evidence further shows that improvements made upon property by donee were of insignificant value compared to value of property, gift will not be enforced and title remains in donor.

3. Gifts ⊚⟿25—Improvements valued at $30 on property worth $1,000 held insufficient to make claimed parol gift to one in possession, making improvements, enforceable, and title remained in donor.

Improvements by one in possession, consisting of repairing garden fence, putting blocks under gallery of house, and cleaning out well, which did not exceed in value $30, held so insignificant in value, when compared to value of property, which was worth between $800 and $1,000, and had rental value of as much as $12 a month, that claimed parol gift to person making improvements could not be enforced, and title to property remained in donor.

4. Wills ⊚⟿486—Parol evidence is inadmissible to contradict, add to, take from, or explain will wholly free from ambiguity.

Parol evidence can never be properly admitted to contradict, add to, take from, or explain a will that is wholly free from ambiguity.

5. Wills ⊚⟿490—Admitting oral testimony to show testatrix intended to devise lot 7 by paragraph of unambiguous will devising lot 17 held error.

In action of trespass to try title, in which defendant claimed title to lot in controversy under will, court erred in admitting oral testimony to show that testatrix, by will devising lot No. 17 to defendant, which will was not ambiguous or vague in any respect, either as to devisees' names or as to property devised to them, intended to devise lot 7, which was lot in controversy.

Appeal from District Court, Jefferson County; Geo. G. O'Brien, Judge.

Action of trespass to try title by Annie Douglas against Monk Davis and wife. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Gordon, Lawhon, Davidson & Sharfstein, of Beaumont, for appellant.

W. W. Cruse, of Beaumont, for appellees.

HIGHTOWER, C. J. This is an action of trespass to try title, filed by appellant, Annie Douglas, in one of the district courts of Jefferson county, against appellees Monk Davis and his wife, Josephine Davis, to recover the title and possession of lot No. 7 in block No. 4 of the First addition to the North addition to the city of Beaumont. Appellant's petition is in the usual form of an action of trespass to try title.

Appellees answered by general demurrer, general denial, and then specially averred, in substance, that appellee Josephine Davis had title to the lot sued for by appellant under a parol gift from one Millie Profit, and also under the last will and testament of Millie Profit, by which appellees contend the lot in controversy was devised by the testatrix, Millie Profit, to appellee Josephine Davis.

It is admitted by the parties that Millie Profit is the common source of title, and the record shows that appellant was entitled to recover the lot sued for by her unless appellee Josephine Davis acquired title to the same under a parol gift to her from Millie Profit, or under the will of Millie Profit, as pleaded by appellees in their answer.

The judgment in this case is based upon the following facts:

Millie Profit, an old negro woman, prior to the time of the claimed parol gift to Josephine Davis, was admittedly the owner of lot No. 7 in block No. 4 of the First addition to the North addition of the city of Beaumont, which, as we have stated, is the prop-

---

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

erty in controversy in this suit. Appellees, in support of their allegations of parol gift of the lot from Millie Profit to Josephine Davis, introduced evidence sufficient to show that about the 17th of October, 1924, Millie Profit made a parol gift of the lot in controversy to Josephine Davis, and the evidence was further sufficient to show that Millie Profit put Josephine Davis and her husband, Monk Davis, in possession of the property, and that a few days after Josephine Davis and her husband had taken possession of the property, which was then improved property, having a dwelling house upon it, Millie Profit moved into the house with Josephine Davis and her husband, and remained there with them until her death, which occurred about the 20th of March, 1925. The evidence was further sufficient to show that Josephine Davis claimed the property as her own upon the faith of the parol gift from Millie Profit.

On October 30, 1924, Millie Profit made a will, by which she devised several pieces of property in the city of Beaumont to different devisees, and in paragraph 4 of the will she devised to appellee Josephine Davis (named in the will as Josephine Thomas, which was her name before she married Davis) lot No. 17 in block No. 4 of the First addition to the North addition of the city of Beaumont. This will was in due time filed for probate and admitted to probate in the probate court of Jefferson county.

The case was tried with a jury, and in answer to special issues the jury found:

(a) That Millie Profit, by her will, intended to bequeath to Josephine Davis the lot in controversy in this case.

(b) That about October 17, 1924, Millie Profit made a parol gift of the lot in controversy to Josephine Davis.

(c) That Millie Profit surrendered possession of the lot in controversy to Josephine Davis, under the parol gift.

(d) That, in an effort to make more certain the gift of the lot, Millie Profit executed the will of October 30, 1924.

(e) That Josephine Davis, relying upon the parol gift of the lot in controversy, in good faith, before the death of Millie Profit, made valuable and permanent improvements thereon.

(f) That the value of the improvements was $30.

(g) That the reasonable rental value of the lot from March 20, 1925 (date of Millie Profit's death), to the date of the trial was $180. This was a period of about fifteen months.

(h) That the reasonable rental value of the property in controversy from the time appellees moved thereon to the date of Millie Profit's death was $60. This was a period of five months.

Upon the verdict of the jury as shown, the trial court rendered judgment denying appel-lant recovery of the property in controversy and quieting the title thereto in the appellee Josephine Davis, and it is from this judgment that this appeal is prosecuted.

Appellant assails the judgment of the trial court on several grounds, some of which relate to the ruling of the trial court on the pleadings and some relate to the action of the trial court in the admission of evidence over appellant's objection.

Appellant's first main contention is, in substance, that appellees acquired no title to the property in controversy under the claimed parol gift from Millie Profit to Josephine Davis, because, among other things, the evidence was wholly insufficient to show that appellees, in reliance upon the parol gift, made valuable and permanent improvements upon the property, with the knowledge of Millie Profit, so as to take the gift out of the statute of frauds. In disposing of this contention, we make the following statement, in substance, of the material evidence bearing upon this point:

The evidence shows, or was sufficient to warrant a finding, that Millie Profit, if she made a parol gift of the property in controversy to Josephine Davis, as claimed by appellees, made such gift about October 17, 1924, and that about October 24th following Josephine Davis and her husband moved into the dwelling house that was then on the lot in controversy, and a few days thereafter Millie Profit moved into the house with Davis and his wife. The evidence further shows that there was an old garden fence on the lot, which was out of repair, and that during the month of December, 1924, and perhaps a part of the month of January, 1925, at different times appellees repaired, and as Josephine Davis testified patched up, this old garden fence; that her husband, Monk Davis, was engaged at different times in making these repairs on the fence for a period of about eight days. The evidence further shows that appellees put some blocks under the gallery of the house, and also that they cleaned out an old well that was on the premises when they moved there, and that Monk Davis paid a helper $2.50 while engaged in cleaning out this well. The material with which the old garden fence was repaired was on the premises when appellees moved there, but the evidence does not disclose where the blocks came from that were put under the gallery, nor does it disclose what the value of this material was. The evidence further shows, without dispute, that the value of the property in controversy was between $800 and $1,000, and that the rental value of it was $12 a month. The jury found, as we have shown, that the total value of the improvements made upon this property by appellees was $30, but it is very doubtful from the evidence, considering it in its most favorable light for appellees, whether improvements of

DOUGLAS ·v. DAVIS

this value were placed upon the property during the lifetime of Millie Profit.

[1, 2] It seems to· be well-settled law in this state that, before a parol gift of land can be enforced or upheld, possession thereof must be delivered by the donor to the donee, ånd the latter must make permanent and valuable improvements upon the land on the faith of the parol gift, with the knowledge of.the donor. Murphy v. Stell, 43 Tex. 123; Wootters v. Hale, 83 Tex. 563, 19 S. W. 134; Willis v. Matthews, 46 Tex. 478; McCarty v. May (Tex. Civ. App.) 74 S. W. 805; Newcomb v. Cox, 27 Tex. Civ. App. 583, 66 S. W. 338; Wooldridge v. Hancock, 70 Tex. 18, 6 S. W. 819; Dean v. Dean (Tex. Civ. App.) 226 S. W. 492; Reid v. King (Tex. Civ. App.) 227 S. W. 960; Leonard v. Roller Mills Co. (Tex. Civ. App.) 229 S. W. 605; Martin v. Martin (Tex. Civ. App.) 207 S. W. 188. It makes no difference how strong.the evidence may be showing the parol gift, and that possession by the donee was taken in reliance upon the gift, if the evidence further shows that the improvements made upon the property by the donee were only of insignificant value compared to the value of the property, the gift will not be enforced, and the title remains in the donor. Ann Berta Lodge v. Leverton, 42 Tex. 18; Hutcheson v. Chandler, 47 Tex. Civ. App. 124, 104 S. W. 434; Wallis v. Turner (Tex. Civ. App.) 95 S. W. 61; Eason v. Eason, 61 Tex. 225; Atchley v. Perry; 55 Tex. Civ. App. .538, 120 S. W. 1105; Ryan v. Lofton (Tex. Civ. App.) 190 S. W. 752.

[3] As we have stated above, the undisputed evidence in this case shows that the value of the property in controversy was between $800 and $1,000, and the jury's finding establishes the fact that the improvements, if they may be called improvements, placed by appellees upon the property, did not exceed in value $30, and that the. rental value of the property was as much as $12 a month. Upon this undisputed evidence and the authorities above cited, we hold as a matter of law that the improvements placed upon the property in controversy were so insignificant in value when compared to the value of the property itself that the claimed parol gift upon which appellees rely cannot be enforced, and that the title to the property was still in Millie Profit at the time of her death, unless by the will of Millie Profit it passed to Josephine Davis.

[4, 5]˙ Upon the trial of the case, appellees, over objections timely made by appellant, offered and introduced parol evidence for the purpose of showing that it was the intention of Millie Profit to devise to Josephine Davis lot 7 in block 4 of the First addition to the · North addition of the city of Beaumont, and that the description in paragraph 4 of the will, designating the property in controversy as lot 17 in block 4 of the First addition to the North addition of the city of Beaumont

was a mistake on the testatrix's part. This evidence was objected to on the ground, substantially, that it was hearsay, and contradicted and altered the will itself as to the description· of the property intended to be devised thereby to Josephine Davis, and that, the will being clear ·and unambiguous, such testimony could not be properly admitted. If the testimony objected to by appellant in this connection was admissible for the purpose for which it was offered, then it was abundantly sufficient to warrant the jury's finding that Millie Profit intended to devise to Josephine Davis the property in controversy in this suit. We hold, however, that such testimony was not admissible. There is no contention by appellees, and could be none, that the will of Millie Profit was ambiguous or vague in any respect, either as to the devisees' names or as to the property devised to them. On the contrary, the will is clear and certain as to the devisees and as to the property devised to each of them. The fourth paragraph, as we have stated, says that lot No. 17 in block No. 4 of the First addition to the North addition of the city of Beaumont is thereby devised to · Josephine Davis. Now appellees have been permitted to prove, over appellant's objection, that Millie Profit intended by the fourth paragraph of her will to devise to Josephine Davis lot No. 7 in block No. 4 of the First addition to the North addition of the city of · Beaumont, which is the property in controversy. This testimony clearly contradicted the clear provision of paragraph 4 of the will as to the description of the property that the testator intended to devise. It seems to˙ be the settled law of this state that parol evidence can never be properly admitted to contradict, add to, take from, or explain a will that is wholly free from ambiguity. It has been so held by the courts of this state since the decision by our Supreme Court in Hunt v. White, 24 Tex. 643. See, also, St. Paul Sanitarium v. Freeman (Tex. Civ. App.) 111 S. W. 445; Lenz v. Sens, 27 Tex. Civ. App. 442, 66 S. W. 111; Hagood v. Hagood (Tex. Civ. App.) 186 S. W. 220; Richardson v. McClaskey (Tex. Civ. App.) 261 S. W. 815; 28 R. C. L. § 174, pp. 214, 215; 28 R. C. L. § 181, p. 220; 40 Cyc. p. 1388 (b).

The trial court was clearly in error in permitting the introduction of oral testimony to show that Millie Profit intended by her will to convey to Josephine Davis the property in controversy in this suit, and, since she acquired no title to the same under the parol gift, the appellant in this case, upon the undisputed evidence, was entitled to recover the property sued for by her, and therefore it is the duty of this court to reverse the trial court's judgment and here render judgment in favor of appellant for the property described in her petition.

Reversed and rendered.